# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
January 20, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DAVID MCROBERTS,**
**Claimant Below, Petitioner**

**vs.)     No. 14-0075** (BOR Appeal No. 2048669)
                      (Claim No. 2012018431)

**PINE RIDGE COAL COMPANY, LLC,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner David McRoberts, by Wendle D. Cook, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Pine Ridge Coal Company, LLC, by Henry C. Bowen, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 26, 2013, in which the Board affirmed a July 15, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 29, 2012, decision denying authorization for a left knee arthroscopy. The Office of Judges also affirmed the claims administrator's December 5, 2011, decision holding the claim compensable but denying meniscal degeneration, subtle tear of the left knee, bone infarction and enchondroma of the left knee, degenerative changes at the L5-S1 disc, and mild anterior osteophytosis as compensable conditions of the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. McRoberts worked as a coal miner for Pine Ridge Coal Company. He had a history of left knee and lower back problems including several injuries. On August 21, 2010, Mr. McRoberts twisted his left knee at work. An MRI was taken of his left knee which revealed meniscal degeneration and heterogeneous bone lesions. The MRI report suggested that bone

infarctions, enchondromas, or sclerotic lesions were possible etiologies of his left knee problems. Mr. McRoberts, however, did not file an application for workers' compensation benefits until almost a year after the date of the injury. The claims administrator denied Mr. McRoberts's application because it was not filed within six months of the injury. On October 10, 2011, Mr. McRoberts twisted his left knee again and struck his lower back on the floor when he fell from a scoop bucket. He was treated at Logan Regional Medical Center and was diagnosed with a left knee and lumbar sprain. X-rays taken at the time revealed mild anterior osteophytosis as well as narrowing and mild degenerative changes at the L5-S1 disc. Following this injury, Mr. McRoberts was treated by James B. Cox, D.O., who found that the injury had aggravated Mr. McRoberts's pre-existing conditions. However, Dr. Cox found that Mr. McRoberts could return to work the next day. On December 5, 2011, the claims administrator held the claim compensable for a left knee strain and a lumbar strain. The claims administrator also denied left medial meniscus degeneration, subtle tear of the left knee, bone infarctions or enchondroma of the left knee, degenerative changes at the L5-S1 disc, and mild anterior osteophytosis as compensable conditions. Following this decision, Dr. Cox performed a left knee arthroscopy to repair Mr. McRoberts's left knee meniscal condition and bone lesions. Dr. Cox then requested authorization and reimbursement for the arthroscopic surgery. Bruce A. Guberman, M.D., evaluated Mr. McRoberts and found that he had chronic post-traumatic strain of the left knee and lumbar spine. On February 29, 2012, the claims administrator denied Dr. Cox's request for authorization of the left knee arthroscopy. On July 15, 2013, the Office of Judges affirmed both claims administrator's decisions. The Board of Review affirmed the Order of the Office of Judges on December 26, 2013, leading Mr. McRoberts to appeal.

The Office of Judges concluded that Mr. McRoberts's meniscal degeneration, tear of the left knee, bone infarction and enchondroma of the left knee, degenerative changes at the L5-S1 disc, and mild anterior osteophytosis pre-existed and were not related to his October 10, 2011, injury. It determined that the claims administrator properly limited the compensable conditions of the claim to a left knee sprain and a lumbar sprain. The Office of Judges found that Mr. McRoberts had a history of left knee injuries which started over a decade prior to the compensable injury. The Office of Judges also concluded that the requested left knee arthroscopy was not necessitated by his October 10, 2011, injury because Dr. Cox's treatment notes indicated that the surgery was intended to repair Mr. McRoberts's pre-existing meniscal problems. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. McRoberts has not demonstrated that the additional conditions are causally related to the compensable injury. The evidence in the record, including the MRI taken prior to the October 10, 2011, injury, shows that Mr. McRoberts's left knee problems pre-existed this compensable injury. He has also not shown that these conditions were aggravated by the compensable injury. The evidence in the record shows that Mr. McRoberts's current symptoms are substantially similar to his pre-existing left knee and lumbar problems. Mr. McRoberts has also not demonstrated that the requested left knee arthroscopy is medically related and reasonably required to treat the October 10, 2011, injury. The only compensable conditions of this claim are a sprain of the left knee and lumbar spine. The requested surgery is not an

appropriate treatment for either condition, and Dr. Cox's treatment notes relate the surgery to Mr. McRoberts's chronic meniscal problems instead of his compensable knee strain.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  January 20, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum